UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL O. GRANILLO ARBALLO (A-240-394-196),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-05425-DC-CSK (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 6, 13, 15) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 28, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 13.) The magistrate judge found that Petitioner's right to due process was violated when he was detained by immigration authorities without notice or a pre-deprivation bond hearing, and recommended that Respondents be ordered to provide Petitioner with a post-deprivation bond hearing. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections were to be filed within seven days. (*Id.*) On October 4, 2026, Respondents "generally" objected to the findings and recommendations "for the reasons stated in [their] prior pleadings." (Doc. No. 14.) On October 19, 2026, Petitioner filed a motion for

expedited consideration. (Doc. No. 15.)

Respondents' arguments were already addressed and rejected by the magistrate judge in this case and the undersigned in other cases. Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same). The reasoning of these cases applies here as Petitioner was detained by immigration authorities, without notice or a pre-deprivation bond hearing, on the ground that he had overstayed the visa he was lawfully admitted under more than a decade earlier. (Doc. No. 6-1.) Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. However, for the reasons set forth in *Oliveira Tinoco*, this court finds that release is the proper remedy here. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 28, 2026 (Doc. No. 13) are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED on due process

/////

/////

grounds,[1] as follows:

a. Petitioner Angel O. Granillo Arballo (A-240-394-196) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in March 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. Respondents' motion to dismiss (Doc. No. 6) is DENIED;

3. Petitioner's pending motion (Doc. No. 15) is DENIED as having been rendered

---

[1] Because the court is granting the petition on due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge